**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GREGORY PAUL SHERMAN,

        Plaintiff,

vs.                                                             No. CV 16-310 CG

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

    **THIS MATTER** is before the Court on Plaintiff Gregory Paul Sherman's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support* (the "Motion"), (Doc. 26), filed June 28, 2017; Defendant Commissioner Nancy A. Berryhill's *Defendant's Opposition to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response), (Doc. 27), filed July 10, 2017; and Plaintiff's *Reply in Support of Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Reply"), (Doc. 28), filed July 24, 2017. Having reviewed the Motion, the Response, the Reply, and the relevant law, the Court finds that Mr. Sherman's Motion is well-taken and should be **GRANTED**.

## I.    Background

    Mr. Sherman applied for disability insurance benefits and supplemental security income in March 2012, alleging disability due to bipolar disorder. (Administrative Record "AR" 68). Both applications were denied initially on November 28, 2012, and on reconsideration on March 29, 2013. (AR 94-121). Mr. Sherman requested a hearing before an Administrative Law Judge ("ALJ"), who also denied Mr. Sherman's

applications. (AR 13-26). Mr. Sherman requested review by the Appeals Council, which denied his request, making the ALJ's decision the Commissioner's final decision.

Mr. Sherman then appealed to this Court, arguing the ALJ legally erred in her consideration and weighing of several medical opinions in the record. (Doc. 17 at 8-19). The Court agreed that the ALJ failed to follow the appropriate legal standards regarding two opinions–those from Kevin Rexroad, M.D., Mr. Sherman's treating physician, and Paula Hughson, M.D., a consultative examiner. (Doc. 24 at 7-14). Accordingly, the Court reversed the Commissioner's decision and remanded for a rehearing. (Doc. 24 at 14).

Mr. Sherman now moves for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 26). He argues that an award of attorney's fees is appropriate because he was the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 26 at 1).

## II.    Analysis

### A.  *Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to

be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Id.*

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

B.  *The Commissioner's Underlying Position and the Court's Disposition*

The Court reversed and remanded the ALJ's decision because of the ALJ's failure to follow the correct legal standards and support her decision with substantial evidence. In her decision, the ALJ recognized Dr. Rexroad was Plaintiff's treating physician, but she found Dr. Rexroad's opinion "not compatible with his treatment records as a whole." (AR 23). According to the ALJ, Dr. Rexroad "routinely documented good overall mental functioning" and his notes contained "few abnormal findings." (AR 23). Finally, the ALJ stated "there is no support for Dr. Rexroad's findings of marked restriction in activities of daily living, social functioning, or concentration, persistence, or pace." (AR 23). However, the ALJ did not discuss or explain how Dr. Rexroad's opinion was incompatible with his own treatment records or otherwise unsupported by the record. Ultimately, the ALJ gave Dr. Rexroad's opinions "limited weight." (AR 23).

3

The ALJ also afforded Dr. Hughson's opinions limited weight. (AR 23). Dr. Hughson examined Plaintiff, prepared a report, and concluded that he would not be able to support himself due to his impairments. (AR 431). The ALJ reasoned that Dr. Hughson's report "documents a handful of mostly mild clinical deficits," therefore her "conclusion seems disproportionate to her findings, to an extent that suggests she relied too heavily on [Mr. Sherman's] subjective statements," which the ALJ did not find credible. (AR 23). Further, the ALJ noted Dr. Hughson is not a treating source, and stated the "broad GAF score (45-58) she assigned raises some suspicion that her assessment may not provide much useful insight into [Mr. Sherman's] ability to perform work-related activities. (AR 22-23).

In response to the motion to reverse and remand, the Commissioner argued the ALJ "correctly observed that Dr. Rexroad's opinions were not consistent with each other." (Doc. 19 at 10). The Commissioner noted one difference between two of Dr. Rexroad's treatment notes. *Id.* The Commissioner also argued the ALJ "reasonably found that Dr. Rexroad's opinions were not consistent with his treatment notes or the overall record." (Doc. 19 at 11). As support, the Commissioner cited Dr. Rexroad's findings and compared them to other records in evidence. *Id.*

Regarding Dr. Hughson, the Commissioner similarly argued that the evidence supported the ALJ's determination that Dr. Hughson's report was unsupported by her findings. (Doc. 19 at 14-15). The Commissioner acknowledged that the ALJ misread the record: Dr. Hughson assigned a GAF of 45-48, not 45-58. (AR 430); (Doc. 19 at 14). But, the Commissioner argued, the ALJ's decision was supported by at least one well-founded reason. (Doc. 19 at 14). Finally, the Commissioner noted Mr. Sherman's

argument that an ALJ may not discount an opinion on the presumption that the opinion is based on a claimant's subjective complaints. (Doc. 19 at 15). Again though, the Commissioner referred to the ALJ's finding that Dr. Hughson's opinion was disproportionate to her findings. *Id.* at 15-16.

This Court rejected the Commissioner's arguments for several reasons. First, regarding Dr. Rexroad, the Court found the ALJ improperly rejected Dr. Rexroad's opinion based on her own lay speculation that Mr. Sherman showed "good overall mental functioning." (Doc. 24 at 10). Further, although the ALJ stated Dr. Rexroad's opinion was inconsistent with his own notes and the rest of the medical record, the ALJ did not identify any inconsistencies, which left the Court unable to meaningfully review that finding. *Id.* Although the Commissioner identified one inconsistency in the record, the ALJ did not; therefore, the Court rejected the Commissioner's argument as an impermissible *post hoc* rationalization. *Id.* at 20. Finally, the Court held that the ALJ failed to consider several factors under the regulations. *Id.* at 10-11. Thus, the Court concluded the ALJ committed errors and that these errors were not harmless. *Id.*

Second, regarding Dr. Hughson, the Court similarly held that the ALJ's three reasons for discounting Dr. Hughson's opinion were deficient. First, the ALJ may not reject an opinion based on her assumption that it is based on a claimant's subjective complaints unless there is evidence in the record supporting that assumption. (Doc. 24 at 13). In this case, there was no evidence Dr. Hughson based her opinion on Mr. Sherman's statements rather than her observations and examination. *Id.* Second, an ALJ may not dismiss a consultative examiner's opinion just because they are not a treating source. *Id.* Finally, the ALJ's third reason for rejecting Dr. Hughson's opinion

was based on a misreading of the record. As discussed, the ALJ said Dr. Hughson's assigned GAF of 45-58 was too broad to be useful, but Dr. Hughson assigned a GAF of 45-48, not 58. Accordingly, the Court found the ALJ failed to follow the appropriate legal standards in considering and weighing both Dr. Rexroad's and Dr. Hughson's opinions. (Doc. 24 at 14).

C. *The Commissioner's Position is not and was not substantially justified.*

The Commissioner now argues that her position was substantially justified because the ALJ's opinion was consistent with the opinions of state agency psychologists Jay Rankin, M.D., and Sherri Simon, Ph.D., who found Mr. Sherman's social limitations were "unremarkable." (Doc. 27 at 3-5) (citing AR 76, 104). The Commissioner notes the Court did not find error regarding the ALJ's treatment of Dr. Rankin's and Dr. Simon's opinions; therefore, in light of this record, the Commissioner contends her position was substantially justified. *Id.* To be clear, the Court did not find there was no error with regard to Dr. Rankin and Dr. Simon; the Court did not reach the issue because it agreed with Mr. Sherman's first two arguments. (Doc. 24 at 7). Even assuming the ALJ did not err in her consideration and weighing of Dr. Rankin's and Dr. Simon's opinions, that does not justify the ALJ's consideration and weighing of Dr. Rexroad's and Dr. Hughson's opinions.

Further, the ALJ did not identify Dr. Rexroad's opinion as inconsistent with Dr. Rankin's or Dr. Simon's. *See* (AR 22-23). The ALJ stated Dr. Rexroad's records were "inconsistent with records from Las Cruces and Southwest," but not the state agency consultants. (AR 22). And the ALJ did not state that Dr. Hughson's findings were inconsistent with other opinions; rather, the ALJ said Dr. Hughson's conclusions were disproportionate to her own findings. (AR 22). Here, the Commissioner appears to

justify her position with *post hoc* reasons why the ALJ was correct. This mirrors the Commissioner's prior arguments that the ALJ was correct and her decision should be upheld for reasons she did not state in the decision. (Doc. 24 at 10; Doc 13 at 10-11). It is well settled that the ALJ's decision must rest on the reasons stated in the decision and that the Court may not accept the Commissioner's *post hoc* attempts to rationalize the decision. *See, e.g.*, *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007); *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004). This is not an area of law that is unclear or in flux. Accordingly, the Court finds the Commissioner's position in subsequent litigation has not been substantially justified.

After reviewing the record and briefing, the Court concludes the Commissioner's position was not reasonable in law or in fact in the underlying agency action either. The ALJ committed several errors in contravention of well-settled law. As discussed in the *Memorandum Opinion and Order*, (Doc. 24), the ALJ may not reject a physician's opinion based on her own lay speculation or opinion. *See Winfrey v. Chater*, 92 F.3d 1017, 1022-23 (10th Cir. 1996) (holding the ALJ "clearly overstepped his bounds when he substituted his medical judgment for that of" consultative examiner's); *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987) (holding ALJ may not "interpose his own 'medical expertise' over that of a physician'"). In the absence of specific weighing of the evidence, the Court cannot meaningfully review the ALJ's findings. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003); *see also Langley v. Barnhart*, 373 F.3d 1116, 1121-23 (10th Cir. 2004) (holding ALJ erred by not identifying supposed inconsistencies in the record). Finally, an ALJ may not dismiss a medical opinion because it comes from a non-treating source or because the ALJ assumes it is based on a claimant's

subjective complaints. *Langley*, 373 F.3d at 1119-21. As described earlier, the ALJ violated these standards in her decision, rendering the decision legally unreasonable. Moreover, the ALJ based her rejection of Dr. Hughson's opinion on a misreading of the GAF score Dr. Hughson assigned. The ALJ's decision was therefore, at least in part, factually unreasonable as well since it was not supported by the record. Notably, the Commissioner has not attempted to justify this reason throughout the subsequent litigation. Accordingly, the Court finds that the Commissioner's position in the underlying agency action was unreasonable as well.

### III.   Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in either the underlying agency action or the subsequent litigation. Accordingly, the Court finds that Mr. Sherman is entitled to an award of attorney's fees under EAJA. The Court **FINDS** that Mr. Sherman's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support* should be **GRANTED**. The Court will award Plaintiff $6,628.75 in attorney fees.

**IT IS THEREFORE ORDERED** that Mr. Sherman's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support*, (Doc. 26), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,628.75. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATE MAGISTRATE JUDGE